IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-cv-00496-M-RJ

DR. CHARAY DUPREE SMITH,

    Plaintiff,

v.

MRS. MACY HAMM, et al.,

    Defendants.

ORDER

    This matter comes before the court on the Memorandum and Recommendation ("M&R") entered by Magistrate Judge Robert B. Jones, Jr. in this case on October 9, 2024. [DE 5]. In it, Judge Jones recommends that the court dismiss Plaintiff's complaint for failure to state a claim. *Id.* at 5. Judge Jones instructed the parties to file written objections on or before October 23, 2024. *Id.* On October 21, 2024, Plaintiff filed an objection. [DE 6]. Therein, Plaintiff does not argue that the M&R contains any legal error; instead, she moves to amend her complaint to (1) add her employer as a defendant; (2) dismiss the individual defendants named in the complaint; and (3) "provide written objections" to the M&R. *Id.* at 1. Plaintiff also details new factual allegations that supplement the sparce details contained in the complaint. *Id.* at 1–3.

    A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear

error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its complaint once as a matter of course within 21 days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave[,]" which should be given freely as "justice so requires." Fed. R. Civ. P. 15(a)(2). "A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).

Mindful of Plaintiff's status as a *pro se* litigant, the court finds that allowing the amendment is appropriate. Defendants have not yet filed notices of appearance or otherwise litigated their position, so the court finds that they will not be prejudiced by the filing of an amended complaint. *See Laber*, 438 F.3d at 428 (holding that it was an abuse of discretion to disallow an amendment, in part, because the defendant had "conducted no serious discovery"). Neither does the court perceive evidence of bad faith. The deficiencies in the original complaint likely stem from Plaintiff's *pro se* status, not from "dishonesty of [her] belief or purpose." *United States ex rel. Nicholson v. MedCom Carolinas, Inc.* 42 F.4th 185, 199 (4th Cir. 2022) (citing *Bad Faith*, Black's Law Dictionary (8th ed. 2004)). Finally, the proposed amendment[1] is not futile because it

---

[1] The court construes the novel factual allegations detailed in the objection as the "proposed amended pleading" required by this district's local rules. *See* Local Civil R. 15.1(a) ("A party moving to amend a pleading shall attach to the motion . . . [t]he proposed amended pleading, duly signed, and any exhibits thereto.").

addresses the deficiency identified in the M&R regarding Plaintiff's Title VII claim by seeking to substitute the individual defendants, from whom Plaintiff cannot seek damages under Title VII of the Civil Rights Act of 1964, with Lumberton Treatment Center, her employer. *See Lissau v. S. Food Serv., Inc.* 159 F.3d 177, 180 (4th Cir. 1998) (holding that "individuals are not liable under" Title VII). However, while the Title VII claim now survives frivolity review, the proposed amendment fails to address the pleading-deficiencies regarding Plaintiff's ADA and ADEA claims. As Judge Jones noted, while Plaintiff claims to have been discriminated against on the basis of her age and disability, she "fails to allege the nature of her disability or her age and fails to allege any specific acts of disability or age discrimination." [DE 5] at 4. The new factual allegations in Plaintiffs objection do not change that. Accordingly, the court finds that allowing an amendment as to Plaintiff's ADA and ADEA claims would be futile and that those two claims must be dismissed as a result. *See Gaston Cnty. Bd. of Elections*, No. 3:23-cv-00643-RJC-DCK, 2024 WL 4274884, at *4 (W.D.N.C. Sept. 24, 2024) (dismissing an ADA claim because the plaintiff failed to allege sufficient facts regarding the nature of his disability); *Grant v. N.C. Dep't of Trans.*, No. 5:23-CV-702-D, 2024 WL 2789388, at *4 (E.D.N.C. May 30, 2024) (dismissing an ADEA discrimination claim because the plaintiff fails to "allege her own age or the age of any of her colleagues managing or assisting her").

Therefore, with great respect, the court ADOPTS IN PART and FINDS MOOT IN PART the recommendation made in the M&R. Plaintiff's motion to amend is GRANTED as to her Title VII claim, and she is ORDERED to file an amended complaint on or before May 14, 2025.

3

Case 5:24-cv-00496-M-RJ    Document 7    Filed 04/24/25    Page 3 of 4

Plaintiff's remaining ADA and ADEA claims are hereby DISMISSED.

SO ORDERED this 24th day of April, 2025.

_Richard E Myers II_
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

4

Case 5:24-cv-00496-M-RJ    Document 7    Filed 04/24/25    Page 4 of 4