IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-496-BO-RJ

DR. CHARAY DUPREE SMITH,                     )
                                             )
                Plaintiff,                   )
                                             )
        v.                                   )          O R D E R
                                             )
MRS. MACY HAMM, *et al.*,                    )
                                             )
                Defendants.                  )

This cause comes before the Court on a motion to dismiss filed by the individual defendants and plaintiff's motion for entry of default. For the reasons that follow, the motion to dismiss is granted, plaintiff's motion for entry of default is denied, and plaintiff is directed to show cause why defendant Lumberton Treatment Center should not be dismissed for failure to effect service within the time provided.

## BACKGROUND

Plaintiff, who proceeds in this action *pro se*, filed a complaint on August 28, 2024, alleging employment discrimination claims against Macy Hamm, Olivier Arraou, Dr. Hien Ngoc Nguyen, Kate Shaw, and Meghann Locklear (individual defendants). [DE 1]. Following entry of a memorandum and recommendation (M&R) by a magistrate judge, the Court dismissed plaintiff's claims filed under the Americans with Disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA) and permitted plaintiff to file an amended complaint as to her Title VII claim. [DE 7]. The Court[1] noted that plaintiff's proposed amendment to her complaint addressed

---

[1] This case was originally assigned to Chief United States District Judge Richard E. Myers II prior to its reassignment to the undersigned.

the deficiency identified in the M&R, specifically that a Title VII claim cannot lie against the individual defendants as opposed to plaintiff's employer, the Lumberton Treatment Center. *Id.*

Plaintiff filed her amended complaint within the time provided by the Court's order. [DE 8]. Plaintiff's amended complaint names the Lumberton Treatment Center and the individual defendants as defendants. *Id.* The Court then entered an order *sua sponte* finding good cause under Fed. R. Civ. P. 4(m) to extend the service deadline, and permitted plaintiff until November 5, 2025, to serve her amended complaint. Summonses for the individual defendants were issued and forwarded, along with a copy of the amended complaint, to the United States Marshals Service for Service.

The individual defendants appeared, through counsel, and filed the instant motion to dismiss. [DE 26]. Plaintiff responded in opposition, [DE 29], and thereafter filed a motion for entry of default under Fed. R. Civ. P. 55(a) against all defendants. [DE 31]. On November 13, 2025, plaintiff filed a proposed summons which lists Lumberton Treatment Center as the sole defendant but is addressed to the individual defendants. [DE 33]. Defendants, with counsel for the individual defendants appearing on behalf of Lumberton Treatment Center solely for the purpose of the opposition, responded in opposition to the motion for entry of default. [DE 34].

## DISCUSSION

The individual defendants seek to dismiss the claims against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the

2

defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (citation omitted).

In her amended complaint, plaintiff realleges her claims under Title VII, the ADA, and the ADEA against the individual defendants. Claims under Title VII, the ADA, and the ADEA must be brought against the employer, not the individual employees the plaintiff contends engaged in discriminatory behavior. *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1998) (Title VII does not provide remedy against individual defendants who are not employers); *Woodbury v. Victory Van Lines*, 286 F. Supp. 3d 685, 693 (D. Md. 2017) (same); *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) (ADA does not provide remedy against individual defendants who are not employers); *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) (only employer can be held liable under ADEA).

3

In her opposition to the motion to dismiss, plaintiff argues that she has stated claims for relief, but does not address defendants' arguments as to individual liability. These claims against the individual defendants are therefore dismissed.

Plaintiff's motion for entry of default judgment is denied. Clerk's default under Rule 55(a) is appropriate where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Here, the record reflects that the individual defendants were served on August 18, 19, and 21, 2025. [DE 12]; [DE 14]; [DE 15]; [DE 16]; [DE 17]. On September 8, 2025, the individual defendants timely moved for an extension of time to answer or otherwise respond to the complaint. [DE 19]. That motion was granted, [DE 25], and the individual defendants timely moved to dismiss the complaint. [DE 26]; *see also Graham v. U.S. Anti-Doping Agency*, No. 5:10-CV-194-F, 2010 WL 3027864, at *3 (E.D.N.C. Aug. 2, 2010) (responding to complaint within time provided by motion for extension of time does not support entry of default). Plaintiff has failed to demonstrate that the individual defendants have failed to plead or otherwise defend, and the motion as to these defendants is denied.

As to defendant Lumberton Treatment Center, plaintiff has failed to show that she has effected service on this defendant. A summons for this defendant has not been issued, and thus plaintiff could not have effected proper service on it. *See Morgan v. Towne Props., LLC*, No. 5:23-CV-17-D-RJ, 2023 U.S. Dist. LEXIS 45699, at *2-*3 (E.D.N.C. Mar. 10, 2023). "It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." *Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996). Plaintiff's motion for entry of default as to Lumberton Treatment Center is therefore denied.

4

Finally, the Court *sua sponte* considers plaintiff's failure to effect service on defendant Lumberton Treatment Center within the time provided by the Court's August 4, 2025, order. Plaintiff was afforded to and including November 5, 2025, within which to effect service on all defendants.[2] Plaintiff has failed to return a proposed summons for issuance for defendant Lumberton Treatment Center within the time provided. Pursuant to Fed. R. Civ. P. 4(m), plaintiff shall demonstrate why her claims against Lumberton Treatment Center should not be dismissed without prejudice for failure to effect service within the time provided.

## CONCLUSION

Accordingly, for the foregoing reasons, the motion to dismiss by the individual defendants [DE 26] is GRANTED and these defendants are DISMISSED. Plaintiff's motion for entry of default [DE 31] is DENIED. Plaintiff shall demonstrate why her claims against Lumberton Treatment Center should not be dismissed for failure to effect service within the time provided on or before April 17, 2026. Failure to comply with this order may result in dismissal of plaintiff's claims against Lumberton Treatment Center.

SO ORDERED, this **27** day of March 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] Although plaintiff's motion to proceed *in forma pauperis* was granted, and thus the United States Marshals Service was to effect service in this case, plaintiff was nonetheless required to file proposed summonses for each defendant for issuance by the Clerk and service by the Marshal. *See, e.g, Tankard v. Charter Spectrum, Inc.*, No. 1:23CV696, 2023 WL 11899900, at *1 (M.D.N.C. Aug. 23, 2023) (noting "Plaintiff is responsible for preparing and delivering to the Clerk the correct summons for service on each defendant, including the correct address and the name and title of the individual to be served on behalf of a corporation, association, infant, incompetent or government agency.").